IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>        Plaintiff,           )<br>  )<br>v.                                           )<br>  )<br>JUSTIN WELLS GRIGG,      )<br>  )<br>        Defendant.          )<br>_____) | Case No. CR-05-74-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**MEMORANDUM DECISION**

The Court has before it a renewed motion for judgment of acquittal or for new trial.  Defendant Grigg argues first that the evidence was insufficient to support his conviction.  The Court must determine if after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004).  Moreover, when there is an innocent explanation for a defendant's conduct as well as one that suggests that the defendant was engaged in wrongdoing, the Government must produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the latter explanation is the correct one.  *Id.*

**Memorandum Decision & Order – Page 1**

Here, the Government's expert, Mike Powell, testified that the rifle was deliberately modified, after manufacture, so that it would fire only in the automatic mode. The modification, Powell testified, was done by drilling two holes, one on each side of the trigger assembly, and placing pins in the holes that caused the gun to fire automatically. The defense expert, Charles Karwan, acknowledged that the weapon fired automatically during his test-firings, and that the standard 10-round magazine had been removed from the rifle. The defendant had two larger magazines – one capable of holding 30 rounds while the other was capable of holding 38 rounds – with him when arrested. On the day of that arrest, the defendant made statements to the officers indicating that he had used the rifle.

While there is other evidence favoring defendant, the facts set forth above allowed a rational juror to conclude beyond a reasonable doubt that the defendant knew that his rifle was a machine gun. The Court finds the evidence sufficient to sustain the conviction.

The defendant also complains about Instruction No. 10. This instruction actually favors the defendant. It states that even if the defendant knew the rifle was a machine gun, he could not be convicted if he was promptly proceeding to take steps necessary to restore the weapon to a semi-automatic function. The instruction does not impose strict liability as argued by defendant and hence cannot

**Memorandum Decision & Order – Page 2**

constitute grounds for a new trial.

The defendant's other objections have been ruled upon on the record and the Court can find no reason to change those rulings. Defendant's motion shall therefore be denied.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for judgment of acquittal or new trial (Docket No. 79) is DENIED.

DATED: **June 7, 2006**



_____
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order – Page 3**